IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN R. SCHRUBB, Sr.,

    Plaintiff,                    No. CIV S-05-1508 LKK PAN P

    vs.

EDWARD BONNER, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis relief pursuant to 42 U.S.C. § 1983.

        Plaintiff was detained pending trial on criminal charges at the time of the events giving rise to this action. He seeks damages upon the ground defendants made a cursory examination of his legal correspondence and refused to permit him to deliver such correspondence to a court-appointed investigator for deposit in the mail, thereby violating plaintiff's right to the effective assistance of counsel and to prepare an adequate defense.

        To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). A challenge to the procedures used in the revocation of parole necessarily implicates the validity of the prisoner's confinement. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (Heck applies to challenge to procedures used in parole revocation). Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff necessarily would imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

It appears that a judgment in plaintiff's favor necessarily would imply the invalidity of his conviction.

Accordingly, IT IS HEREBY ORDERED that within thirty days from the date of this order, plaintiff shall show cause in writing why his complaint should not be dismissed pursuant to the decision in Heck v. Humphrey.

DATED: May 17, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\ schr1508.osc heck